IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Randy Williams and Mary Williams, | ) | C/A No.: 3:08-3432-JFA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING |
| APAC Atlantic Inc., APAC Inc., APAC Carolina Inc., | ) | MOTION TO COMPEL |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's motion to compel filed August 10, 2009 [#19]. Plaintiff Randy Williams was a tanker truck driver employed by Curtis Oil Company delivering hot asphalt. On October 3, 2005, while offloading the asphalt at defendant's facility in Sumter, South Carolina, Williams was sprayed with hot asphalt. He alleges that the hook up equipment comprised of certain piping was not working properly and caused the pressurized hot asphalt to spray on him. Williams filed this action asserting a negligence claim against defendants, and his wife, Mary Williams, asserts a loss of consortium claim. Defendants deny the allegations.

Plaintiffs allege that defendant's former employee and plant foreman, John Purvis, was at the facility at the time of the accident. Subsequent to the injury, defendants sold the facility to C.R. Jackson in October 2006. During the course of discovery, plaintiffs issued a subpoena to C.R. Jackson for the personnel file of John Purvis. C.R. Jackson objected to the production, claiming privilege, irrelevance and overbreadth. Further, C.R. Jackson

understood the sole purpose of the subpoena to be to obtain Purvis's last known address, which plaintiffs had already acquired. Plaintiffs also appear to have asked for the Purvis personnel file as it related to the events surrounding Williams' injury. Defendant claims that plaintiffs are on a fishing expedition that is not authorized by the Federal Rules of Civil Procedure.

Defendants submit that Purvis gave deposition testimony on August 27, 2009, pursuant to a subpoena issued by plaintiffs' counsel and was deposed for over two hours. Defendants submit Purvis answered extensive questions from plaintiffs' counsel regarding his termination from employment, which revealed that he was terminated in July 2008 for reasons unrelated to the accident.

The court is not persuaded that any material contained in the Purvis personnel file are relevant, likely to lead to discovery of relevant evidence, or otherwise discoverable under the Federal Rules of Civil Procedure. Additionally, as to certain documents, it appears that a possible privilege may attach. Further, plaintiffs have deposed Purvis and had the opportunity to explore the reasons for his termination and his knowledge of the issues related to this matter. For the foregoing reasons, the court denies the motion to compel.

IT IS SO ORDERED.

November 19, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge